### Caroline Ruprecht v. Azariah T. Galt, trustee.
Gen. No. 11,610.

1. Decree of foreclosure—*when premises may be released from operation of.* Where a number of mortgages covering several pieces of property are foreclosed in the same proceeding, a junior encumbrancer of one of such pieces may release the same from the opera-

tion of the decree entered against it by paying the amount of the only mortgage, with costs, etc., which was a charge against such piece.

2. DECREE OF FORECLOSURE—*when irregularity in, cannot be complained of.*  Notwithstanding a decree of foreclosure may be irregular, it cannot be complained of by a junior encumbrancer where it appears that as a result of the sale the particular piece of property in which he is interested has been divested of all prior liens.

Foreclosure proceeding.    Error to the Superior Court of Cook County;   the Hon. THEODORE BRENTANO, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1904.   Affirmed. Opinion filed April 5, 1905.

IVES, MASON & WYMAN, for plaintiff in error.

GALT, BIRCH & GALT, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Defendant in error was the owner of three mortgages which were respectively the first, second and third liens on the premises 632 LaSalle avenue, and of another mortgage which was the fourth lien on said premises and also a lien on the premises 628 and 630 LaSalle avenue.    Plaintiff in error was the owner of a mortgage on all the premises above mentioned, which was junior and subsequent to all the mortgages of defendant in error on the premises No. 632 and junior to his last mentioned mortgage on the premises 628 and 630 LaSalle avenue.    In a foreclosure proceeding in which the defendant in error was complainant and the plaintiff in error was one of the defendants the decree found that the first three mortgages of the complainant were respectively the first, second and third liens on the premises 632 LaSalle avenue; that his fourth mortgage was a fourth lien on said premises and also on the premises 628 and 630 LaSalle avenue.    The decree further found the amount due complainant on each of his mortgages separately, fixed the amount of his solicitor's fees for the foreclosure of each separately, and found the amount due to

plaintiff in error on her mortgage. The decree then ordered that unless some one of the defendants should pay the respective amounts so found due the complainant within one day from the date of the entry of the decree with interest thereon and the costs, etc., the premises 628, 630 and 632 LaSalle avenue be sold to pay said amounts, etc. The money was not paid and November 16, 1903, the premises 632 LaSalle avenue were sold by the master pursuant to the decree for the full amount so found due the complainant on all of his mortgages, together with the costs of the proceeding and interest. The master in his report of the sale stated that the premises 632 LaSalle avenue having sold for enough to satisfy the decree in favor of the complainant and the costs and costs of sale, he did not offer the premises 628 and 630 LaSalle avenue for sale. The master made distribution of the proceeds of the sale in accordance with the decree and his report of the sale and distribution was approved November 19, 1903. March 18, 1904, this writ of error was sued out to reverse the decree upon the ground that as the first three mortgages of the complainant were only liens upon 632 LaSalle avenue and his fourth mortgage alone was a lien upon 628, 630 and 632 LaSalle avenue, it was error to order that the premises 628, 630 and 632 LaSalle avenue be sold to pay the respective sums found due the complainant on his four mortgages.

While the decree was not carefully drawn, we think that under its provisions, as the amount due the complainant under his fourth mortgage was therein found and the amount of his solicitor's fees for services in foreclosing that mortgage fixed, defendant might have paid the amount found due the complainant on his fourth mortgage and his solicitor's fees for foreclosing the same without paying the remainder of the decree, and that the effect of such payment would have been to release the premises 628 and 630 LaSalle avenue from the operation of the decree. It was only the fourth mortgage of the complainant which was a lien on those premises. Plaintiff in error, the holder of a junior mortgage on those premises, could before decree

have paid that mortgage and released the premises 628 and 630 LaSalle avenue from the lien thereof, and we see no reason why she could not do so after this decree was entered by paying to complainant the amount found by the decree to be due the complainant under that mortgage, with his solicitor's fees and other costs. The decree of the complainant for the sale of 628 and 630 LaSalle avenue was wholly based upon his fourth mortgage and the payment of so much of the decree as was for the amount found by the decree to be due on that mortgage would necessarily take those premises out of the operation of the decree. Again, each of the four mortgages of the complainant was a lien on 632 LaSalle avenue prior to the lien thereon of the mortgage of plaintiff in error. By the sale of those premises for the full amount found by the decree to be due the complainant under all his mortgages with interest and costs, the premises 628 and 630 LaSalle avenue were released from the operation of the decree and from the lien of the mortgages of the complainant, and if the decree was irregular or erroneous, the plaintiff in error has not been prejudiced thereby.

The decree of the Superior Court will be affirmed.

*Affirmed.*